# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-876V**
Filed: May 14, 2026

```
* * * * * * * * * * * * *    *
IRIS ROSARIO,                *
                             *
            Petitioner,      *
                             *
v.                           *
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
            Respondent.      *
* * * * * * * * * * * * *    *
```

*Bruce W. Slane, Esq.*, The Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Catherine E. Stolar, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION[1]

**Roth,** Special Master:

On June 12, 2023, Iris Rosario ("petitioner") filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the Measles, Mumps, and Rubella ("MMR") vaccine she received on January 17, 2022 caused injuries including a Shoulder Injury Related to Vaccine Administration ("SIRVA"), left moderate tendinosis of the distal infraspinatus tendon, left subacromial/subdeltoid bursitis, hyperalgesia, allodynia, and adhesive capsulitis of left shoulder. Petition, ECF No. 1. The case was initially assigned to the Special Processing Unit ("SPU") for resolution. ECF No. 12.

Following respondent's Rule 4(c) Report, an Order to Show Cause issued for petitioner to provide evidence supporting the route of vaccine administration because current MMR vaccines

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

are intended for subcutaneous administration, not intramuscular as is required to satisfy the Table criteria for a SIRVA claim. ECF No. 21. On August 15, 2025, petitioner filed additional records, which indicated that the MMR vaccine was administered subcutaneously. Pet. Ex. 13-14, ECF No. 27. Petitioner subsequently filed an amended petition, alleging only an off-Table claim. ECF No. 29. The matter was then reassigned to the undersigned on September 10, 2025. ECF No. 32.

A status conference was held on September 18, 2025, after which the parties were ordered to advise whether informal resolution was possible or how they intended to proceed. ECF No. 33. Respondent filed a status report on October 20, 2025, advising he intended to continue defending this case. ECF No. 34. After several requests for additional time to confer with her treating providers, petitioner filed a status report on March 23, 2026, advising that she maintains her position that she sustained a left shoulder injury from the subject MMR vaccine but has "elected to discontinue further pursuit of this claim" in light of discussions that petitioner was unlikely to prevail based on the current record. ECF No. 38. Petitioner was then ordered to file a Motion to Dismiss her claim.

On April 23, 2026, petitioner filed a Motion to Dismiss because she "cannot successfully establish in this proceeding that the January 17, 2022 vaccination was administered intramuscularly." ECF No. 41. Respondent did not file a response. Respondent's failure to file a response is interpreted as him having no objection to petitioner's request for dismissal.

The Court has reviewed the totality of the record before it and the evidence submitted. The information therein does not show entitlement to an award under the Program. To receive compensation, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1).

Petitioner acknowledged that the evidence shows the subject MMR vaccination was administered subcutaneously, thereby precluding a finding that petitioner suffered an on-Table SIRVA. *See* ECF Nos. 30, 41; *A.P. v. Sec'y of Health & Human Servs.*, No. 17-784V, 2022 WL 275785, at *15 (Fed. Cl. Spec. Mstr. Jan. 31, 2022) (denying petitioner's Table SIRVA claim on the basis that "only vaccines *intended* for administration intramuscularly can give rise to a Table SIRVA injury." (emphasis in original)).

Further examination of the record reveals no persuasive evidence that petitioner sustained her burden in proving an off-Table causation-in-fact claim. A petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, petitioner's medical records do not support a finding of entitlement and petitioner filed no expert reports.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a Table Injury or that her injuries were caused-in-fact by the subject MMR

2

vaccination. Thus, this case is dismissed for insufficient proof. The Clerk of Court shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.